UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JOHN BRIERLY,

                        Plaintiff,

                                              **MEMORANDUM & ORDER**
                                              02-CV-2558 (DRH) (WDW)

            - against -

DEER PARK UNION FREE SCHOOL DISTRICT,
DONALD R. BRIGHT, School Superintendent, in
his individual and professional capacity, RICHARD
BANYON, Assistant Superintendent, in his
individual and professional capacity, OWEN
SPANIER, Principal, in his individual and
professional capacity, RENA BOLOGNA, Assistant
Principal and Assistant Superintendent, in her
individual and professional capacity, MICHAEL
CANIPE, Director of Fine and Performing Arts, in
his individual and professional capacity, and JEFF
DAILEY, Director of Fine and Performing Arts,
in his individual and professional capacity,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**A P P E A R A N C E S :**

**CRONIN & BYCZEK, LLP**
Attorneys for Plaintiff
1981 Marcus Avenue, Suite 227
Lake Success, NY 11042-1016
By:  Susan Penny Bernstein, Esq.

**MIRANDA & SOKOLOFF, LLP**
Attorney for Defendants
The Esposito Building
250 Mineola Blvd.
Mineola, NY 11501
By:  Michael Anthony Miranda, Esq.

**HURLEY, District Judge:**

John Brierly brought the above-captioned employment discrimination suit against his former employer, the Deer Park Union Free School District, and several of his former supervisors. On March 23, 2005, this Court granted the Defendants' motion for summary judgment on all of Brierly's federal claims, declined to exercise supplemental jurisdiction over Brierly's state law claims, and dismissed this case. The Defendants subsequently brought the present motion, pursuant to Federal Rule of Civil Procedure 68, to recover the costs they incurred subsequent making a formal offer of judgment on August 8, 2003. For the reasons that follow, the Defendants' motion is DENIED.

Rule 68 allows a defendant to "serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued." If such an offer is not accepted, and "the judgment finally obtained by the offeree is not more favorable than the offer," Rule 68 states that "the offeree must pay the costs incurred after the making of the offer." In *Delta Air Lines, Inc. v. August*, however, the United States Supreme Court held that "the plain language of Rule 68 confines its effect to [cases] in which the *plaintiff* has obtained a judgment for an amount less favorable than the defendant's settlement offer," and that Rule 68 "does *not* apply to judgments *in favor of the defendant*." 450 U.S. 346, 351-54 (1981) (emphases added).

In light of the Supreme Court's holding, where a district court has granted summary judgment in a defendant's favor, that defendant cannot then recover costs pursuant to Rule 68. *See Puglisi v. Underhill Park Taxpayer Ass'n*, 964 F. Supp. 811, 814 (S.D.N.Y.

1997) (citing *id.*).    In the present case, as noted, summary judgment was granted in the Defendants' favor, and this case was dismissed.    For this reason, the Defendants' motion for costs pursuant to Rule 68 must be DENIED.    The Court expresses no opinion as to the applicability or merits of any other avenue for the recovery of costs or fees.

**SO ORDERED.**

Dated:  Central Islip, New York
      May 2, 2005                               /s/_____
                                                  Denis R. Hurley
                                                  United States District Judge